LAURISTON R. KING, assignee,

*vs.*

HORACE P. STORER and others.

Aroostook.    Opinion March 31, 1883.

*Insolvency.   Preference.*

In order to invalidate security taken for a debt as being a preference under the clause of the insolvent law which makes such provision in case the creditor has reasonable cause to believe the debtor insolvent, it is not enough that the creditor has some cause to suspect the insolvency of his debtor, but he must have such a knowledge of facts as to induce a reasonable belief of his debtor's insolvency.

ON REPORT.

Assumpsit by the assignee of Charles B. Varnum, insolvent debtor, to recover of Storer Brothers and Company, the sum of one thousand five hundred seventy-two dollars and eighty-three cents paid to them by the insolvent debtor in notes (of third persons for seven hundred and fifty dollars, and his own and his wife's notes for the balance,) February 8, 1881, when it was alleged Varnum was in fact insolvent and unable to pay his debts and when the defendants had reasonable cause to believe him to be insolvent and in contemplation of insolvency.

Varnum filed his petition in the insolvent court May 4, 1881, and the plaintiff was chosen his assignee May 17, 1881.

The writ was dated August 30, 1881, and the plea was general issue.

The opinion states the material facts.

*Powers and Powers*, for the plaintiff, in an able argument contended that "insolvency" as used in the law meant present inability to pay one's debts as they become due, and that the circumstances and mode of payment were such as to give the defendants reasonable cause to believe the debtor insolvent and cited : *Denny*

v. *Dana*, 2 Cush. 160 ; *Thompson* v. *Thompson*, 4 Cush. 127 ; *Lee* v. *Kilburn*, 3 Gray, 595 ; *Hamlin's Insolvent Law*, 81 ; *Floyd* v. *Day*, 3 Mass. 403 : *Hall* v. *Huckins*, 41 Maine, 574 ; *Calais* v. *Whidden*, 64 Maine, 249.

*Charles P. Stetson*, for the defendants, cited : Bump's Bankruptcy, (10 ed.) § 820 ; *Ex parte Ames*, 1 Lowell, 561 ; *Lakin* v. *First Nat. Bank*, 13 Blatchf. 83 ; *Hall* v. *Wager et al.* 5 N. B. R. 182 ; *Grant* v. *Nat. Bank*, 7 Otto, 80 ; *Barbour* v. *Priest*, 13 Otto, 293 ; *Stewart* v. *Platt*, 11 Otto, 731 ; *Schuman* v. *Fleckenstein*, 15 N. B. R. 224.

SYMONDS, J. In *Grant* v. *Nat. Bank*, 97 U. S. 80, in reference to the true meaning and application under the bankrupt law of the phrase "having reasonable cause to believe such a person is insolvent," it is said by the court, "it is not enough that a creditor has some cause to suspect the insolvency of his debtor ; but he must have such a knowledge of facts as to induce a reasonable belief of his debtor's insolvency, in order to invalidate a security taken for his debt. . . . A man may have many grounds of suspicion that his debtor is in failing circumstances, and yet have no cause for a well grounded belief of the fact. He may be unwilling to trust him further ; he may feel anxious about his claim, and have a strong desire to secure it, and yet such belief as the act requires may be wanting."

That the law did not intend to make mere suspicion a ground of nullity in such a case, and the insecurity which would attend business transactions if such a construction were adopted, are clearly shown and strongly stated in that opinion.

This authoritative construction of a provision of the recent bankrupt law, which for a long time was the subject of almost constant consideration before the federal courts and in regard to which it is recognized in the case cited that some confusion in the authorities has existed, was subsequently approved in direct terms in *Barbour* v. *Priest*, 103 U. S. 293. Under the same phrase contained in the insolvent law of this state, it is urged that the delivery of certain notes to the defendants in the early part of February, 1881, by Charles B. Varnum, who was

adjudged insolvent in the following May and of whose estate the plaintiff is the assignee, was void, as a fraudulent preference. The rule cited undoubtedly affords the correct construction of the insolvent law in this respect, and, applied to the facts of this case, we think it decides it against the claim of the assignee.

If Varnum was in fact insolvent at the date when the defendants' agent procured a settlement of their claim against him by taking the notes of his wife and of other persons who owed him, it is evident he did not so regard or represent himself. According to his own account he was solvent, and expected to meet all his liabilities. His own statements were the principal source of information which the defendants had in regard to his affairs. Their place of business was at a distance from his. We do not perceive that sufficient facts were within their knowledge to induce a reasonable belief that his representations were false or unfounded. He kept on from one to two months afterwards, making purchases and payments.

He met with subsequent losses, some of them relatively large. The defendants were doubtful about him, anxious for payment or security and diligent in securing it; but that they had reasonable cause to believe him insolvent or in contemplation of insolvency, is not proved. *Stucky, assignee,* v. *Masonic Sav. Bank,* 2 Sup. Ct. Rep. 219.

*Judgment for the defendants.*

APPLETON, C. J., WALTON, DANFORTH, VIRGIN and PETERS, JJ., concurred.

